JOE R. VIDRINE, Judge pro tem.
This is a suit by Herbert Adolph for property damages in the sum of Two Hundred Fifty ($250.00) Dollars, occasioned to his automobile when it was struck from the rear. The offending vehicle was a truck owned by L. M. MaGruder, d/b/a Ma-Gruder Car Truck Leasing System and/or MaGruder Tire Service, hereinafter referred to as MaGruder and which truck was at the time being operated by an employee of Crescent Chemical Sales, Inc., hereinafter referred to as Crescent.
The accident happened when the truck failed to stop behind traffic that had stopped in obedience to a red traffic light at the intersection of Nashville and Claiborne Avenue in New Orleans. The Adolph vehicle was the second leading vehicle from the MaGruder truck, and immediately after Adolph stopped for the red traffic light the MaGruder truck rammed into the rear of the first lead vehicle, which in turn rammed into the rear of the Adolph vehicle and thereby caused the damages complained of in this suit.
All parties agree that plaintiff-appellee is entitled to recover his damages. The real controversy is between MaGruder, the owner of the truck, and Crescent, the employer of the operator of the truck and revolves around the cause of the accident. Ma-Gruder contends that the accident was caused by the negligence of Crescent's driver, whereas Crescent contends that the accident was caused by the truck’s brake failure. Additionally, in the rental agreement, Crescent agreed to hold MaGruder harmless from any liability which might be incurred by Crescent through its negligence or that of its agent’s. The lower court held that the proximate cause of the accident and the resulting damages was due to the negligence of Crescent’s driver and rendered judgment against Crescent alone. From this judgment Crescent prosecutes this appeal.
In this court, Crescent argues that the court below committed manifest error when it held Crescent solely responsible for the accident since the evidence conclusively shows that the accident occurred because *128 the brakes failed when applied by Crescent’s driver. The lower court summarized its finding of facts as follows:
“The facts of this case is as to whether or not the brakes were defective at the time the truck was delivered from the defendant, I. M. MaGruder Company to the Crescent Chemical Sales Company, Inc.; there has been testimony to the effect that the brakes were tested and checked out and all the warning systems were checked out;
“The truck was taken by the defendant, Crescent Chemical Sales Company, Inc.’s driver from the MaGruder Company to the Sales Company, loaded, and then driven over an overpass on Claiborne Avenue, out Claiborne Avenue to Nashville where this accident happened ;
“It seems to this Court that somewhere along the line the brakes must have been applied and if this defect in the line was the cause of the brakes ■going out, and if it had existed from the time that the truck was first rented it would have shown up before this particular time; there has been testimony in this record to the effect that after the accident the gauge showed forty pounds of pressure which was sufficient to trigger the warning device which was tested and which acts at sixty pounds;
“It was explained by Mr. MaGruder that the leak in the brake line was from the tank to the brakes and not from the compressor to the tank; this would indicate that the air was exhausted by the application of the brakes rather than the leak in the line which did not permit the tank to build up;
“It is this Court’s impression that this driver of the trailer, tractor was an experienced driver and when approached by this situation in Nashville, and realized that if he had applied all brakes, that would be necessary to stop the trailer, the load which he was carrying would have pushed forward and perhaps injured him * * * decided to apply the brakes sparingly which resulted in the pressure going down but the truck not stopping appreciably; it is the Court’s opinion the accident was caused by the negligence of the driver for the Crescent Chemical Sales Company, Inc. and was in no way caused by any defective equipment or defective brakes on the equipment supplied by the defendant, MaGruder Truck Leasing System.”
In order to reverse the trial court, we must be convinced that the lower court committed manifest error. This we are not prepared to do. A careful examination of the record shows ample reasons for the trial court’s conclusion in its findings of facts, and, to reverse this judgment would require that we substitute our opinion as to the credibility of the witnesses for that of the trial court. This is not the function of appellate courts. As was stated in Cavelier & Petit v. Collins, 3 Mart., O.S., 188:
“In reversing the decision of inferior tribunals, the great and primary object (of appellate courts) is to see that justice may be done, or that the law be not mistaken and violated; and it is certainly of little consequence by what mode of reasoning the judge forms his opinion, provided that, (the record) taken entire, comports with the law, and due justice to the parties litigant.” (Parenthetical insertions ours). See also 22 La.Law Rev. 60S.
Therefore, for those reasons, the judgment appealed from is affirmed. All costs to be paid by appellant, Crescent Sales Company, Inc.
Affirmed.